**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GREGORY ANTONIO BROWN,

        Plaintiff,

v.                                          Case No:  6:11-cv-1787-Orl-36DAB

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff Gregory Antonio Brown's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Doc. 1. United States Magistrate Judge David A. Baker has submitted a Report and Recommendation, recommending that the Court affirm the Commissioner's decision and deny Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Doc. 24.

After an independent *de novo* review of the record, including Plaintiff's Objection (Doc. 25), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

**I.   BACKGROUND**

On April 24, 2008, Plaintiff filed for a period of disability, DIB and SSI benefits, alleging an onset of disability on January 1, 2007, due to a learning disability and borderline intellectual functioning. R.67, 70, 110-18, 152. Plaintiff's Application was denied initially and upon reconsideration. R.71-88. On June 23, 2010, Plaintiff had a hearing before Administrative Law Judge Gerald F. Murray ("ALJ"), who found that Plaintiff was not disabled as defined in the

Social Security Act ("Act") through the date of the decision. R.9-23. On September 23, 2011, the Social Security Appeals Council denied Plaintiff's timely request for review. On November 10, 2011, Plaintiff filed a Complaint, seeking judicial review of the Commissioner's decision. Doc. 1.

Plaintiff is thirty-six years old. Doc. 24, p. 2. After attending a residential facility special education program, Plaintiff attended vocational school, but did not obtain a general equivalency diploma. R.27. Plaintiff has limited abilities in reading and writing, and past work experience as a construction worker.

Upon review of the expert medical testimony, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of unskilled and semi-skilled work at all exertional levels. R.16. Based on Plaintiff's RFC and the testimony of the vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as a construction worker.[1] Doc. 24, p. 2. Thus, the ALJ determined that Plaintiff was not disabled as defined in the Act. R.19.

Upon review of the expert testimony and record before the ALJ, Magistrate Judge Baker recommended the Court enter judgment in favor of the Commissioner and close this case.

## II. STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

---

[1] The Social Security Administration's Dictionary of Relevant Titles classifies this work as heavy and semi-skilled. R-26.

made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.* at 1158. Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### III. ANALYSIS

#### A. Five step disability analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). When making a disability determination, the ALJ follows this evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has

a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright*, 327 F. App'x. at 137. If it is determined at any step in the analysis that the claimant is not disabled, the evaluation does not proceed. *Id.*

### B. Plaintiff's Objection

In his Objection, Plaintiff argues that the Magistrate Judge improperly rejected his argument that the ALJ failed to consider whether he meets Listing 12.05(C) for mental retardation.[2] Doc. 25, p. 2. The Magistrate Judge found that "[t]he ALJ properly considered the medical and other evidence, including Plaintiff's IQ testing, and his activities of daily living and employment, in finding that he did not meet a listing, implicitly denying the Listing 12.05(C) for mental retardation." Doc. 24, p. 10. Specifically, Plaintiff contends that by addressing the criteria of Listing 12.02 but not setting forth the criteria for 12.05(C), the ALJ overlooked that listing. Plaintiff argues that by determining that the ALJ must have implicitly found Plaintiff did not meet 12.05(C), the Magistrate Judge improperly relied upon a post hoc justification. Doc. 25, pp. 3-4 (citing *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010)).

---

[2] 12.05 *Mental retardation:* Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
The required level of severity for this disorder is met when the requirements in A,B,C, or D are satisfied. ….
(C) A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Thus, Plaintiff argues that because the ALJ never explicitly applied the standard set forth in Listing 12.05(C), this case should be remanded for further proceedings.

First, contrary to Plaintiff's argument, the Magistrate Judge did not inappropriately rely on post hoc justifications. In *Baker*, the Eleventh Circuit explained that an agency action must be upheld on the bases articulated in the agency's order and not on an argument first raised before the magistrate judge. 284 Fed. App. at 896; *see FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974). The *Baker* Court found that the agency's action could be upheld on the ALJ's opinion, without reference to an argument regarding claimant's cane that was made for the first time on appeal. *Id.* Similarly, in this case, the Magistrate Judge did not rely on any argument made for the first time on appeal as Plaintiff suggests. Doc. 25, pp. 3-4.

To the contrary, upon reviewing the ALJ's decision, the Magistrate Judge correctly concluded that the ALJ found, based on the record evidence before him, that Plaintiff did not meet the listing for mental retardation. *See* Doc. 24, pp. 7-10. First, the record showed Plaintiff worked for various temporary agencies, and had past relevant work as a construction worker. Doc. 24, pp. 9-11; R.18, 26, 28, 153. Second, the ALJ noted that Plaintiff was independent in his activities of daily living, in that he shops, does housework, uses public transportation and manages his money. R.18. Finally, the ALJ relied upon the opinions of two non-examining state physicians who opined that Plaintiff had borderline intellectual functioning, but not limitations in activities of daily living or social functioning, and that his adaptive skills were basically intact. R.17-18.

Therefore, the Court agrees with the Magistrate Judge's finding that the ALJ properly considered Plaintiff's medical and vocational evidence in concluding that he did not meet the listing for mental retardation. Doc. 24, p. 11; *see Harris v. Comm'r of Soc. Sec.*, 2009 WL

1426754, *2 (11th Cir. 2009) (affirming ALJ's determination that claimant did not meet requirements for a finding of mental retardation where claimant was never diagnosed with mental retardation, only borderline intellectual functioning, did well in special education class, was able to hold several jobs, and could dress and bathe himself).

Accordingly, it is now **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 24) is **ADOPTED, CONFIRMED and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The Decision of the Commissioner of Social Security is **AFFIRMED.**

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker

6